IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 2 6 2023

TONY R. MOORE, CLERK
BY _____ KW
            DEPUTY

| | |
|---|---|
| LYRE JONES ) | |
| ) | |
| Plaintiff, ) | Case No. 23-cv-1522 |
| ) | |
| v. ) | |
| ) | |
| ALDOUS & ASSOCIATES PLLC ) | |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS INC ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Lyre Jones, and for her complaint against the named defendants above, and in support thereof, she alleges the following:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA") and Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA")

### JURISDICTION & VENUE

1. **Federal Question Jurisdiction.** This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Therefore, this Court has subject matter jurisdiction over Plaintiff's claims. See 28 U.S.C. § 1331.

2. **Venue.** Plaintiff's injury occurred in Lafayette Parish (County), which is located in the Western District of Louisiana. See 28 U.S.C. § 1391(b)(2). Therefore, this Court is a proper venue.

1

## PARTIES TO ACTION

3. Ms. Jones is a natural person and resides in Lafayette, Louisiana.

4. Aldous & Associates, PLLC ("A&A") is a debt collector law firm that specializes in the collection of rental debts.

5. Experian Information Solutions, Inc (Experian") is regularly engaged in the business of selling consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties for monetary compensation and is considered a "consumer reporting agency" or "CRA" as defined in 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

6. In October 2022, Plaintiff discovered A&A collection on her credit reports.

7. A&A was reporting that Plaintiff had an unpaid rental debt with RBR.

8. Plaintiff has never had any debt with RBR.

9. Upon learning of the A&A collection, Plaintiff called both A&A and RBR.

10. She explained to both that she had no business dealings with RBR and that she absolutely did not sign any document to incur any liability with RBR.

11. Plaintiff requested RBR and A&A provide any documents that linked her to the purported rental debt.

12. RBR and A&A were unable to produce any documents that establish the Plaintiff had incurred a debt with RBR.

13. Despite having no documentation that established Plaintiff had any liability to RBR, both A&A and RBR continued to demand that Plaintiff pay the purported debt.

14. Plaintiff not only disputed the A&A collection directly with RBR and A&A, but she also disputed the A&A collection with the CRAs.

15. Because the A&A collection was patently erroneous, both Equifax and Trans Union removed the A&A collection from their reports.

16. Despite the A&A collection being patently erroneous, Experian continued to report the A&A collection to Plaintiff's report.

17. Eventually, RBR and/or A&A asked Plaintiff to provide an identity theft report.

18. In or about August 2023, the Plaintiff sent dispute letters to the CRAs that contained an identity theft report, identification information and asked them to remove the A&A collection from her reports.

19. After receiving Plaintiff's identity theft dispute package, Experian was *required* to block and/or suppress the A&A collection from appearing in her report.

20. Despite Experian's statutory obligation to block and/or suppress the A&A collection, Experian continued to report the collection.

21. Separate from Experian's obligation to block/suppress the A&A collection, Experian was required to conduct a *reasonable* investigation of the identity theft dispute.

22. And a reasonable investigation of an identity theft dispute required Experian to assign an employee to conduct an independent investigation of the dispute.

23. However, Experian did not assign an employee to investigate the dispute.

24. Instead, Experian treated the identity theft dispute just like any other dispute and forwarded notice of the dispute to A&A.

25. A&A did not conduct a reasonable investigation and merely confirmed that Experian was reporting the information consistently with A&A's records, which A&A took *no* action to *verify* was accurate and/or complete.

26. After Plaintiff was notified by Experian that the A&A collection was not being removed from her report, Plaintiff wrote to Experian and requested a description of Experian's investigation of her identity theft dispute.

27. Included in her letter was a request for the ACDV that Experian exchanged with A&A during the processing of Plaintiff's identity theft dispute.

28. Also included were Trans Union dispute results which showed that Trans Union determined the A&A collection was either inaccurate and/or unverifiable, and accordingly deleted from her Trans Union report.

29. Lastly, Plaintiff included her contact information and invited Experian to contact her during its investigation of her dispute.

30. After receiving Plaintiff's dispute, Experian just forwarded notice of the dispute to A&A without doing any investigation of its own.

31. When Experian received back A&A's dispute results, Experian accepted A&A's dispute results without performing any inquiry into the veracity of the dispute results and repeated the dispute results verbatim onto Plaintiff's credit report.

32. A&A did not do a real investigation of the dispute. Instead of conducting a reasonable investigation, which would have entailed A&A reading Plaintiff's dispute letter and reviewing the supporting documents, A&A just confirmed its records contained identification information for Plaintiff and that Experian's reporting matched up with A&A's record.

33. In other words, A&A did not set out to make sure its disputed records were accurate or complete. Rather, A&A sought to make sure its records were consistent with Experian's reporting.

34. Experian knows that A&A does not conduct reasonable investigations and that A&A's dispute results are not trustworthy.

4

35. Despite knowing A&A's investigations cannot be trusted, Experian has implemented a policy of doing nothing more than blindly accepting dispute results from untrustworthy furnishers because Experian can save money and resources by doing nothing.

36. If either A&A or Experian had performed a reasonable investigation, which would have entailed a careful, searching inquiry into whether Ms. Jones had signed the lease, A&A would have discovered that she had no liability on the lease.

37. Although Plaintiff has continuously disputed the A&A collection since it appeared on her report, neither Experian nor A&A have updated the collection to notate that account is in dispute status.

38. Since the A&A was placed on Plaintiff's report, Experian has furnished credit reports on Plaintiff to numerous third parties.

39. Consequently, Plaintiff is unable to obtain suitable credit from creditors or lenders that rely on Experian to evaluate the creditworthiness of Plaintiff.

40. The humiliation of being perceived as a financial deadbeat because of her inaccurate credit report has caused Plaintiff to endure substantial emotional distress.

41. Plaintiff's emotional distress has been amplified due to the frustration she has endured while earnestly endeavoring to correct her reports, but to no avail.

### COUNT ONE: VIOLATIONS OF 15 U.S.C. § 1692
### (as to defendant A&A)

42. Plaintiff incorporates paragraphs 1 through 41.

43. A&A violated 15 U.S.C. §§ 1692e and 1692f by attempting to collect on a debt that the Plaintiff did not owe.

44. A&A violated 15 U.S.C. § 1692e by reporting a debt to Experian that A&A knew, or should have known, that the Plaintiff did not owe.

45. As a result of Defendants' foregoing violations, Plaintiff suffered actual damages including but not limited to pecuniary costs and/or expenses, damage to credit and financial profile or reputation, humiliation and other emotional distress.

46. Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering ACE liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT TWO: VIOLATIONS OF 15 U.S.C. § 1681s-2(b)
(as to defendant A&A)

47. Plaintiff incorporates paragraphs 1 through 46.

48. Defendant received notice of Plaintiff's dispute but did not conduct a thorough, detailed, and careful inquiry of the claims raised in Plaintiff's dispute. Instead of conducting a reasonable investigation, the Defendants simply confirmed that the *disputed* information was being reported consistently to the CRAs and made absolutely *no* inquiry into the accurateness of the information being reported.

49. The Defendant did not review Plaintiff's dispute letter—which was attached to the notice of disputes forwarded by the CRAs—and as a result they remained willfully ignorant of the true nature of Plaintiff's dispute.

50. Defendant's foregoing conduct violated 15 U.S.C. § 1681s-2(b)(1) for their conduct constitutes a failure to fully and properly investigate Plaintiff's disputes and failure to review—much less consider—all relevant information provided by the CRAs.

51. Defendant's procedure to simply data match information that it previously reported, or data match the information that it has in its computer file with the information currently be reported to the CRA, instead of conducting a careful inquiry into the substance

6

and merits of a consumers' dispute, is policy employed in deliberate violation of Defendant's obligation under the FCRA to conduct reasonable investigation of credit disputes.

52. As a result of Defendant's violations of 15 U.S.C. § 1681s-2(b)(1), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to credit profile and reputation, embarrassment, humiliation and other mental and emotional distress.

53. The violations by Defendant was willful, rendering them liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

54. Plaintiff is entitled to recover actual damages, costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT THREE: VIOLATIONS OF 15 U.S.C. § 1681e(b)
### (as to defendant Experian)

55. Plaintiff incorporates paragraphs 1 through 54.

56. Experian violated 15 U.S.C. § 1681e(b) by reporting information furnished from unreliable sources of information without any accuracy checks on the information.

57. Experian violated 15 U.S.C. § 1681e(b) by ignoring information that it received from the Plaintiff or other CRAs when it prepared Plaintiff's credit reports.

58. If Experian had reasonable procedures to prepare maximally accurate reports, then Experian would have procedures that would have prevented the inaccurate information from appearing on Plaintiff's credit reports.

59. Experian did not implement and/or employ reasonable procedures to report maximum accurate information because Experian seeks to save money on their procedures and the savings they enjoy by utilizing unreasonable procedures is significantly more than the costs from the lawsuits they face from the unreasonable procedures.

60.     Due to violation(s) of Experian, the Plaintiff suffered actual damages, including but not limited to: pecuniary expenses, loss of credit opportunity, damages to reputation, frustration, embarrassment, humiliation and other emotional distress.

61.     The violations by Experian were willful, rendering them liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

62.     In the alternative, Experian was negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## COUNT FOUR: VIOLATION OF 15 U.S.C. § 1681i(a)
### (as to defendant Experian)

63.     Plaintiff incorporates paragraphs 64 through 71.

64.     Experian violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable investigation of Plaintiff's disputes.

65.     Experian did not implement and/or employ reasonable procedures to respond to consumer's disputes because it seeks to save money on its' procedures and the savings it enjoys by utilizing unreasonable procedures is significantly more than the costs from the lawsuits they face from their unreasonable procedures.

66.     The violations by Experian was willful, rendering Experian liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

67.     In the alternative, Experian was negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays:

A. That the Court award actual damages of $100,000;

B. That the Court award maximum statutory damages of $5,000 or more;

C. That the Court award maximum punitive damages for FCRA;

D. That the Court award costs and any reasonable attorneys' fees; and

E. That the Court award prejudgment and post-judgment interest.

Respectfully submitted,

*Lyre Jones*
Lyre Jones
Pro Se Plaintiff
123 Rue Argenteuil
Lafayette, LA 70506
Tel: (985) 210-7606
lyre.jones1@gmail.com