**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **LYRE JONES** | **CASE NO.  6:23-CV-01522** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **ALDOUS & ASSOCIATES PLCC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss Pursuant to Rule 12(b)(6) and 12(b)(1) filed by Conn Appliances, Inc. (Rec. Doc. 55). Plaintiff, Lyre Jones, is proceeding *pro se* and did not file an opposition. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Conn's motion be granted.

### Factual Background

Plaintiff filed this suit pursuant to the Fair Credit Reporting Act and Fair Debt Collection Practices Act initially against Aldous & Associates, a debt collection law firm, and Experian, a consumer report entity, alleging liability for attempting to collect a non-existent debt and resulting inaccurate credit report. (Rec. Doc. 1). She

filed an amended complaint asserting additional claims against several entities offering credit and other credit reporting entities. (Rec. Doc. 13). She alleges that due to inaccurate credit reports, she was unable to obtain credit. (Rec. Doc. 13, ¶39-40). Many of the newly named defendants have been voluntarily dismissed.

Regarding Conn, Plaintiff alleged that "Conn did not have a permissible purpose to obtain Plaintiff's report because the Plaintiff does not have an account with Conn and Conn did not make an offer of credit to her." (Rec. Doc. 13, ¶67). Conn moves to dismiss her claims for failure to state a claim, arguing that the complaint lacks sufficient allegations to support a claim under the Fair Credit Reporting Act ("FCRA"). Conn's further argues that Plaintiff lacks standing, because she failed to allege that she suffered an injury-in-fact due to Conn's alleged credit inquiry.

## Law and Analysis

### I.   Whether Plaintiff has stated a FCRA claim under Rule 12(b)(6).

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5ᵗʰ Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re*

*Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

Under the FCRA, a consumer reporting agency may only provide a consumer's credit report for an authorized purpose, such as pursuant to court order, upon the consumer's request, and in connection with a business transaction that is initiated by the consumer, *inter alia*. 15 U.S.C.A. § 1681b(a). "A person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished;

and (2) the purpose is properly certified by a prospective user of the report. 15 U.S.C.A. § 1681b(f). "To properly assert a violation of § 1681b and recover statutory damages, a plaintiff must allege (1) there was a 'consumer report'; (2) the defendant used or obtained the report; (3) without a permissible purpose; and (4) the defendant acted willfully. *Perrill v. Equifax Info. Servs., LLC*, 205 F. Supp. 3d 869, 876 (W.D. Tex. 2016), citing 15 U.S.C. §§ 1681b(a), 1681 n(a)(1)(A). See also *In re Croft*, 500 B.R. 823, 843–44 (Bankr. W.D. Tex. 2013). "The Supreme Court has held that 'willfully,' as used in the FCRA, requires a showing of knowing misconduct or recklessness." *Perrill v. Equifax Info. Servs., LLC*, 205 F. Supp. 3d at 876, citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 127 S. Ct. 2201, 2208 (2007).

Plaintiff alleged that Conn requested her report from Experion and thereafter used the report for an impermissible purpose. (Rec. Doc. 13, ¶100). She specifically alleges that she did not have an account with Conn, and that Conn did not make an offer of credit to her. (¶67). Conn argues these allegations are conclusory, citing cases holding that bare allegations that the defendant did not have a permissible purpose are insufficient, but Plaintiff did more here. She specifically alleged that she did not have an account, and that Conn did not make an offer of credit to her, thereby indicating that the likeliest reason an entity such as Conn would access her credit report did not exist. Thus, considering the leniency afforded to *pro se* litigants and

4

the plaintiff-friendly standard mandated by Rule 12(b)(6), the Court finds that the complaint does not fail for this reason.

Conn next argues that the complaint fails to allege facts showing that Conn acted willfully as required to state a claim for impermissible use of a credit report. The Court agrees with Conn in this regard. Other than to conclusively allege that Conn was "willful" (Rec. Doc. 13, ¶102), the complaint does not allege any facts showing that Conn acted with knowing misconduct or recklessness. Compare e.g. *Caban v. HSBC Mortg. Servs.,* 373 F. Supp. 3d 709, 713 (N.D. Tex. 2016). Accordingly, the Court finds that Plaintiff has failed to state a claim under §1681; however, under F.R.C.P. Rule 15, a court should freely give leave to amend a complaint when justice so requires. Therefore, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff at least one chance to amend. *Hernandez v. Ikon Office Solutions, Inc*., 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002). Indeed, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Id.* The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Norman v. Apache Corp*., 19 F.3d 1017, 1021 (5th Cir. 1994). The

5

Court finds that it would be inequitable to dismiss Plaintiff's complaint without allowing her an opportunity to remedy the sparseness of the factual allegations in the complaint.

## II.    Whether Plaintiff has standing.

Conn next seeks to dismiss Plaintiff's claim for lack of standing under Rule 12(b)(1), which authorizes a court to dismiss an action for lack of jurisdiction.

> The Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." The doctrine of standing gives meaning to these constitutional limits by identifying those disputes which are appropriately resolved through the judicial process. To establish standing, a plaintiff must show: (1) it has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury. To satisfy the injury-in-fact requirement, a plaintiff must allege an injury that is actual or imminent, not conjectural or hypothetical.

*Cruz v. Abbott*, 849 F.3d 594, 598 (5th Cir. 2017) (cleaned up).

Conn argues Plaintiff failed to allege that she suffered an injury in fact. The Court disagrees. Plaintiff alleges that as a result of the alleged FCRA violations and Conn's impermissible use of the report, she suffered intrusion of privacy. (Rec. Doc. 13, ¶100-101). As analyzed at length in *Perrill*, 205 F. Supp. 3d at 875, the Court agrees that an invasion of privacy claim is a sufficiently alleged injury in fact to establish standing in a §1681a claim. Thus, the Court recommends that Conn's motion to dismiss for lack of standing under Rule 12(b)(1) be denied.

## Conclusion

For the reasons discussed herein, the Court recommends that Conn Appliances, Inc.'s Motion to Dismiss (Rec. Doc. 55) be GRANTED IN PART and DENIED IN PART. The motion should be granted to the extent Conn seeks to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6) and denied in all other respects. The Court further recommends that Plaintiff be given fourteen (14) days to amend her complaint as set forth herein.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 5th day of April, 2024.

_____

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE