# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **LYRE JONES** | **CASE NO. 6:23-CV-01522** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **ALDOUS & ASSOCIATES PLCC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Motion for Judgment on the Pleadings filed by Defendant, SoFi Bank, N.A. (Rec. Doc. 92). The Court granted Plaintiff, Lyre Jones, proceeding *pro se*, an extension to file an opposition, but she did not file an opposition. (Rec. Doc. 96; 97). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that SoFi's motion be granted.

### Facts and Procedural History

Plaintiff filed this suit under the Fair Credit Reporting Act (FCRA) in October 2023 against a purported debt collector and Experian, a credit reporting agency. (Rec. Doc. 1). She filed an amended complaint in May 2024, asserting additional

claims against various credit companies, including SoFi. (Rec. Doc. 85). She alleged that SoFi violated the FCRA by obtaining her consumer report for an unauthorized or impermissible purpose. (Rec. Doc. 85, ¶20-26). SoFi answered the suit, denying the allegations and further asserting that it legally obtained Plaintiff's credit information in order to send firm offers of credit, a permissible purpose under the FCRA. (Rec. Doc. 88, ¶10). SoFi attached documents to its answer showing that four separate offers of credit were sent to Plaintiff. (Rec. Doc. 88-1 and 88-2). SoFi now moves to dismiss Plaintiff's claims on the grounds that the pleadings show that its actions were permissible and authorized by the FCRA.

## Law and Analysis

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. F.R.C.P. Rule 12(c).

> The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. The plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Guidry v. Am. Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007) (cleaned up).

Given the similarities in the analyses under Rule 12(c) and Rule 12(b)(6), the court should apply the same rules regarding documents to be considered. *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015). As such, in

considering a Rule 12(c) motion for judgment on the pleadings, the court may consider any documents attached to the complaint, any publicly available documents, and any documents attached to the defendant's motion which are referenced in the complaint and central to the plaintiff's claims. *Van Duzer v. U.S. Bank Nat. Ass'n,* 582 F. App'x 279, 283–84 (5th Cir. 2014); *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007).

Congress enacted FCRA "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information...." *Stevenson v. TRW Inc.,* 987 F.2d 288, 292 (5th Cir. 1993), quoting 15 U.S.C. § 1681(b).

15 U.S.C. §1681b(a) provides limited bases for credit agencies to obtain consumer credit reports. When a credit or insurance transaction is not initiated by the consumer, a consumer reporting agency may furnish a consumer report only in limited circumstances. §1681b(c). One such permitted purpose is when a transaction consists of a firm offer of credit. §1681b(c)(1)(B).

SoFi first argues that Plaintiff's allegations are conclusory and lack the specific factual allegations to support claims for negligent or willful violation of §1681b. To state a claim for a violation of § 1681b and recover statutory damages,

3

a plaintiff must allege (1) there was a "consumer report"; (2) the defendant used or obtained the report; (3) without a permissible purpose; and (4) the defendant acted willfully or negligently. *Perrill v. Equifax Info. Servs., LLC*, 205 F. Supp. 3d 869, 876 (W.D. Tex. 2016); §§1681n and 1681o; *Henderson v. MLSC Holdings, L.P.*, No. 3:15-CV-03260-N, 2016 WL 11474101, at *3 (N.D. Tex. June 15, 2016) "'[W]illfully,' as used in the FCRA, requires a showing of knowing misconduct or recklessness." *Perrill v. Equifax Info. Servs., LLC*, 205 F. Supp. 3d 869, 876 (W.D. Tex. 2016), citing *Safeco v. Burr,* 551 U.S. 47, 57, 127 S.Ct. 2201 (2007).

      Plaintiff alleges that her credit information was released to SoFi (and other defendants), though she did not have an account with SoFi, and SoFi did not make an offer of credit to her. (Rec. Doc. 85, ¶7-10). She alleges that SoFi requested her credit report "for marketing purposes, or some other mischievous purposes not listed in section 1681b" (¶14), that SoFi "knew [it was] violating the FCRA" (¶15), that it "request[ed] and obtain[ed] consumer reports for illegal purposes on a regular basis" (¶16), and that consumers have complained and filed disputes which SoFi has ignored (¶17-18). The Court agrees that Plaintiff's conclusory allegations lack the factual specificity required to state a claim. See *Crain v. Credit Prot. Ass'n.,* No. 3:09-CV-2353-D, 2010 WL 2976127, at *3 (N.D. Tex. June 30, 2010), *report and recommendation adopted,* No. 3:09-CV-2353-D, 2010 WL 2976120 (N.D. Tex. July 28, 2010) (dismissing similar claims based on conclusory allegations).

4

SoFi also moves to dismiss Plaintiff's claims based on its purported permissible purpose under 1681b. The documents attached to SoFi's answer suggest that SoFi extended firm offers of credit to Plaintiff on four occasions (Rec. Doc. 88-1 and 88-2); however, these documents are unauthenticated and do not meet the standards for consideration under Rule 12. The documents are not publicly available and are neither referenced in the amended complaint nor central to Plaintiff's claims. The Court agrees that SoFi's documents do evidence a permissible purpose under the FCRA, if properly authenticated and presented in a procedurally acceptable manner (such as through a motion for summary judgment), and that such evidence would support dismissal of Plaintiff's claims against SoFi. However, the Court is unable to grant SoFi's motion for judgment on the pleadings under Rule 12(c) standards.

Having found that Plaintiff's claims against SoFi should nevertheless be dismissed for failure to state a claim under Rule 12(b)(6), the Court next considers whether Plaintiff should be permitted an opportunity to amend. "District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The Court finds that Plaintiff has already amended her

complaint twice, and she failed to file an opposition to SoFi's motion or otherwise request another try. Accordingly, the Court declines to afford an opportunity to amend.

## **Conclusion**

For the reasons discussed herein, the Court recommends that SoFi Bank, N.A.'s Motion for Judgment on the Pleadings (Rec. Doc. 92) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 19th day of September, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE