UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LYRE JONES** | **CASE NO. 6:23-CV-01522** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **ALDOUS & ASSOCIATES PLCC, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

### ORDER and REASONS

A Motion for Judgment on the Pleadings [ECF No. 92] filed by Defendant SoFi Bank, N.A. ("SoFi") was referred to United States Magistrate Judge Carol B. Whitehurst for Report and Recommendation ("R&R"). After an independent review of the record, including the late-filed objections submitted by pro se Plaintiff, Lyre Jones, the Court REJECTS the portion of the R&R that finds "Plaintiff's conclusory allegations lack the factual specificity to state a claim," and therefore recommends that Plaintiff's claims against SoFi be dismissed.[1]

Defendant filed its Motion for Judgment on the Pleadings on July 30, 2024.[2] After the deadline to file an opposition passed, Plaintiff filed a motion to extend the deadline for filing her opposition, which was granted by the Magistrate Judge.[3] However, Plaintiff never filed an opposition, and the R&R issued on September 19, 2024.[4] The R&R notified the parties they had "fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court," and notified the parties of the consequences of failing to object.[5] Thus,

---

[1] ECF No. 98 at 4, 5.
[2] ECF No. 92.
[3] ECF No. 96.
[4] ECF No. 98.
[5] *Id.* at 6.

any objection from Plaintiff was due by October 7, 2024.[6] On October 8, 2024, Plaintiff filed a document entitled "Plaintiff's Belated Opposition to Defendant SoFi's Motion for Judgment on the Pleadings and Belated Objections to Magistrate's Recommendation."[7] Plaintiff has neither sought leave to file untimely documents, nor demonstrated "good cause" or "excusable neglect" for her untimely filing.[8] While the Court declines to grant Plaintiff leave to file an untimely opposition to the pending motion, the Court will construe the filing as a timely objection to the R&R. However, Plaintiff is cautioned that further violations of deadlines will not be tolerated.[9]

As set forth in the R&R, to state a claim for a violation of 15 U.S.C. § 1681b, a plaintiff must allege (1) that there was a "consumer report," (2) the defendant used or obtained the report (3) without a permissible purpose, and (4) that defendant acted negligently or willfully.[10] Here, Plaintiff alleges SoFi is an online personal finance company that provides various finance products including student loan refinancing, personal loans, credit cards, etc.[11] She alleges her consumer report was released to SoFi for a purpose that is not authorized by the statute, because she has not applied for credit with SoFi, does not have an account with SoFi, and SoFi did not make an offer of credit to her.[12] Rather, Plaintiff contends her consumer report was requested by SoFi for "marketing purposes, or some other mischievous purpose not listed in section 1681b."[13] "Marketing purposes" are not a permissible purpose under the FCRA. The Court finds these

---

[6] *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), . . . 3 days are added after the period would otherwise expire under Rule 6(a).").
[7] ECF No. 102.
[8] *See* Fed. R. Civ. P. 6(b)(1)(B).
[9] *See e.g.* ECF Nos. 83, 90.
[10] ECF No. 98 at 3-4 (citing *Perrill v. Equifax Information Services, LLC*, 205 F.Supp.3d 869, 876 (W.D.Tex. 2016)).
[11] ECF No. 85 at 2.
[12] *Id.*
[13] *Id.* at 3.

allegations are sufficient to state a claim for a negligent violation of the statute.[14] Further, any person who willfully fails to comply with the FCRA's requirements is liable to the consumer for actual or statutory damages, punitive damages, costs and attorney's fees.[15] To establish a willful violation of the FCRA, a consumer must show the defendant either knowingly or recklessly obtained the consumer report without a permissible purpose.[16] Here, Plaintiff alleges SoFi is "aware of the FCRA's prohibition from obtaining a consumer report for purposes not identified in section 1681b," that it knew it was violating the FCRA when it obtained Plaintiff's report for an unauthorized purpose, that it obtains "consumer reports for illegal purposes on a regular basis," and that consumers have complained or filed disputes with SoFi due to these practices.[17] Accepting Plaintiff's allegations as true and viewing them in the light most favorable to her, the Court concludes Plaintiff has adequately pleaded sufficient facts to proceed past the motion to dismiss stage.

For the reasons set forth herein, the Motion for Judgment on the Pleadings [ECF No. 92] is DENIED.

THUS DONE in Chambers on this ___29th___ day of October, 2024.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[14] *See* 15 U.S.C. § 1681o. The Court notes the Magistrate Judge previously found substantially similar allegations against another defendant were sufficient to state a claim for a negligent violation of the statute. *See* ECF No. 74 at 4-5. The Court discerns no material difference in the factual allegations against SoFi sufficient to warrant a different result.
[15] 15 U.S.C. § 1681n(a).
[16] *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 52, 59 (2007).
[17] ECF No. 85 at 2-3.